1

2

3

4

5

6         UNITED STATES DISTRICT COURT

7        SOUTHERN DISTRICT OF CALIFORNIA

8

9    SCHA BUCK LARSON,                    Case No.:  13cv2790 BAS (JLB)

                              Plaintiff,  **ORDER:**
10

11   v.

                                          **(1) GRANTING IN PART, DENYING**
12   RONALD BAILIFF et al.,                **IN PART DEFENDANTS' MOTION**
                                          **TO COMPEL; AND**
                              Defendants.
13

14                                        **[ECF No. 98]**

15
                                          **(2) GRANTING IN PART, DENYING**
16                                        **IN PART PLAINTIFF'S MOTION**
                                          **FOR PROTECTIVE ORDER**
17

18                                        **[ECF No. 103]**

19

20        Presently before the Court are two related motions: (1) Defendants' motion to

21   compel Plaintiff's release for medical, mental health, and drug and alcohol treatment

22   records (ECF No. 98); and (2) Plaintiff's motion for a protective order (ECF No. 103).

23   Upon review of the motions and the responses submitted, Defendants' motion to compel

24   is **GRANTED in part** and Plaintiff's motion for protective order is **GRANTED in part**.

25                        **I. FACTUAL BACKGROUND**

26        Plaintiff, a prisoner proceeding *pro se*, filed the instant lawsuit under 28 U.S.C.

27   § 1343(a)(3) and 42 U.S.C. § 1983 for violation of his civil rights.  (ECF No. 1.)  Plaintiff's

complaint was filed on November 22, 2013. (*Id*. at 30.) The complaint alleges that Defendants violated Plaintiff's civil rights when he was arrested on November 19, 2011, in San Diego, California. (*Id*. at 3-25.) It alleges that Defendants used excessive force during his arrest, tortured him by using excessive force, and conspired with each other to fabricate police reports and prevent officers from writing police reports to cover up their use of excessive force and torture, and that Defendant Bailiff tacitly authorized or was indifferent to the officers' use of excessive force and torture. (*Id*.) Plaintiff alleges that he "sustained serious injuries and . . . was hospitalized twice . . . ." (*Id*. at 4.) "Plaintiff remains physically and emotionally injured and scarred and [P]laintiff continues to receive medical attention and psych (sic) therapy and medications [and] suffers . . . [from] emotional distress, mental anguish, severe depression, anxiety, [and] post-traumatic stress disorder." (*Id*.) In his complaint, Plaintiff seeks punitive damages, as well as "compensatory relief for future medical costs, cosmetic surgery . . . extensive psych (sic) therapy and medications." (*Id*.)

## II. MOTION TO COMPEL

Defendants seek a court order compelling Plaintiff to execute releases for all medical and mental health records. (ECF No. 98.) On April 2, 2015, Plaintiff informed Defendants of his extensive medical and psychiatric records at a number of hospitals. (*Id*. at 3.) Plaintiff suggested that Defendants "send him a HIPPA release to obtain his medical and psychiatric records." (*Id*.) Plaintiff signed the form provided to him, however, he "blacked out the section requesting 'All psychiatric, drug and/or alcohol treatment, evaluation, treatment, abuse testing, counseling, rehabilitation records.'" (*Id*. S*ee also* ECF No. 98-6.) Thereafter, Plaintiff revoked his consent and sent Defendants a second form reflecting the same edits but also modifying the timeframe of the records request to the period from

the date of his arrest – November 19, 2011 – to the present date.[1]  (*Id*. at 3-4.  *See also* ECF No. 98-7.)

Defendants argue that they are entitled to Plaintiff's medical, mental health, and drug and alcohol records from November 2001 to the present.

> Inasmuch as Plaintiff has placed his physical and mental health at issue in this matter, and as he was under the influence of amphetamines and opiates at the time of his arrest,[2] Defendants are entitled to investigate the extent of Plaintiff's current and prior injuries, what treatment Plaintiff received, including physical, psychiatric and drug and alcohol treatment, and who provided said treatment.

(ECF No. 98 at 4.)  Defendants recognize that some courts have been unwilling to compel a party to sign a medical release form when the requesting party can obtain the medical records from the custodian by way of a subpoena.[3]  In the instant case however, Defendants are also requesting psychiatric, drug, and alcohol records.  In light of the records requested, "the medical providers will not honor a subpoena . . . [and instead] demand Plaintiff's written authorization for release of records."  (*Id*. at 5.)

Accordingly, Defendants contend that Plaintiff should be compelled to sign the releases because "a party may be required to produce a document that is in the possession of a nonparty if the party has a legal right to obtain the document."  (*Id*. at 5 (citing *Bryant v. Armstrong*, 285 F.R.D. 596, 603 (S.D. Cal. 2012) (citations omitted).)  The only practical way for Plaintiff to provide these third-party documents is to sign a release.

### III. MOTION FOR PROTECTIVE ORDER

Plaintiff responded to Defendants' motion to compel by filing a motion for protective order.  (ECF No. 103.)  Plaintiff seeks a protective order to narrow Defendants'

---

[1]  The original release form supplied by Defendants provided for "No limit as to Date."  (ECF No. 98-5.)
[2]  "On November 19, 2011, Plaintiff's blood was drawn and sent to the lab for testing.  It tested positive for amphetamines and opiates."  (ECF No. 98 at 3; *see also* ECF No. 98-2.)
[3]  *See e.g. Clark v. Vega Wholesale*, 181 F.R.D. 470, 472 (D. Nev. 1998).

3

"overbroad" request for his medical and mental health records.  (*Id*. at 6.)  As narrowed by Plaintiff, the request seeks: Plaintiff's "medical records, including drug testing analysis, beginning with the date of: November 19, 2011 to the conclusion of the instant action," and Plaintiff's "mental health records beginning with the date of: November 19, 2011 to the conclusion of the instant action."  (*Id*. at 7.)

Plaintiff contends that Defendants' request for records is overbroad and seeks private, irrelevant and privileged documents.  (*Id*. at 5-6.)  Plaintiff argues that the request is overbroad because it seeks records from before Plaintiff's arrest – the event giving rise to Plaintiff's claims.  (*Id*. at 5.)  Furthermore, the request seeks documents that are not relevant to claims and defenses presented in this action.  (*Id*.)  "Alcohol, especially, played no role in the instant action."  (*Id*. at 6.)  Finally, Plaintiff argues that Defendants' request seeks privileged documents and that Plaintiff should not be compelled to sign a release.  (*Id*. at 6.)  Specifically, Plaintiff asserts the "psychotherapist-client privilege," and cites to *Jaffe v. Redmond*, 518 U.S. 1, 15 (1996).  (*Id*.)

Defendants oppose Plaintiff's motion and argue that such discovery is relevant in light of Plaintiff's claims for physical injuries and emotional distress damages.  (ECF No. 104.)   Furthermore, in "addition to explicitly alleging in his complaint that he was physically injured and suffered emotional distress, mental anguish, severe depression, anxiety and post-traumatic stress disorder and that he continued to receive psych treatment and medications, Plaintiff has designated four mental health experts in his First Designation of Experts."  (*Id*. at 2.)  "Plaintiff clearly intends to present evidence and rely on treating physicians and experts to support his claims . . . and has therefore waived the psychotherapist-patient privilege."  (*Id*. at 3.)  Defendants further argue that they are entitled to "investigate Plaintiff's prior history, in addition to treatment provided after the incident, to determine if any of his injuries and/or conditions and treatments are pre-existing or were caused by some other incident . . . ."  (*Id*.)

//

4

# IV. STANDARD

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Also, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  *Id*.  Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable.  *Id*.  District courts have broad discretion to determine relevancy for discovery purposes.  *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).  Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).  Limits should be imposed where the burden or expense outweighs the likely benefits. Fed. R. Civ. P. 26(b)(2)(C)(iii).

Rule 37 of the Federal Rules of Civil Procedure enables the propounding party to bring a motion to compel responses to discovery.  Fed. R. Civ. P. 37(a)(3)(B).  "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections."  *Bryant v. Ochoa*, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009).  Those opposing discovery are "required to carry a heavy burden of showing" why discovery should be denied.  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Upon a showing of good cause, a district court may issue a protective order "'which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' including any order prohibiting the requested discovery altogether, limiting the scope of the discovery, or fixing the terms of disclosure."  Fed. R.

5

Civ. P. 26(c); *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). "The burden is upon the party seeking the [protective] order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera,* 364 F.3d at 1063. "If a court finds particularized harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

## V. DISCUSSION

### A. Relevancy and Overbreadth

Plaintiff argues that Defendants' request for Plaintiff's medical, mental health, and drug and alcohol records from November 2001 to the present seeks irrelevant documents and is overbroad. Specifically, Plaintiff argues that "alcohol, especially, played no role in the instant action." (ECF No. 103 at 6.)

The Court finds that Defendants' request seeks documents relevant to the claims, defenses, and issues present in the instant action. Plaintiff alleges that Defendants used excessive force during Plaintiff's November 19, 2011 arrest, causing Plaintiff to sustain "serious injuries . . . ." (ECF No. 1 at 4.) "[P]laintiff remains physically and emotionally injured and scarred and [P]laintiff continues to receive medical attention and psych (sic) therapy and medications . . . [and] suffers . . . emotional distress, mental anguish, severe depression, anxiety, [and] post-traumatic stress disorder." (*Id*.) Furthermore, at the time of Plaintiff's arrest, Plaintiff's blood "tested positive for amphetamines and opiates." (ECF No. 98.) Defendants are entitled to discover Plaintiff's medical, mental health, and drug and alcohol records. These records are relevant to determining whether Plaintiff suffered from pre-existing injuries, has a history of abusing drugs and alcohol, and whether the injuries Plaintiff is alleging were actually caused by the incident and behavior in question. Accordingly, Plaintiff's relevancy objection is **OVERRULED**.

//

6

1    Plaintiff also argues that Defendants' request is overbroad as to time because it seeks
2    records prior to Plaintiff's November 19, 2011 arrest.  Plaintiff contends that Defendants'
3    are only entitled to records beginning on the date of his arrest, up to the present.  (ECF No.
4    103 at 5.)  The Court finds that records prior to the date of Plaintiff's arrest are relevant.  A
5    history of mental illness and substance abuse, if any, would be relevant to the claims and
6    injuries that Plaintiff alleges.  Plaintiff has clearly placed his medical and mental health at
7    issue by claiming that he was subjected to and seriously injured by law enforcement use of
8    excessive force.    However, while records pre-dating Plaintiff's arrest are relevant,
9    Defendants offer no justification for their request of over ten years' worth of medical and
10   mental health records.  (ECF No. 98 at 5.)  Defendants argue that they are entitled to "all
11   medical, psychiatric and drug and alcohol treatment records . . . from November 2001 to
12   the date of the conclusion of this matter."  (*Id.*)  Yet they provide no legal authority to
13   support their contention that this expansive timeframe is appropriate, nor do they make any
14   factual arguments as to why records from as early as 2001 are necessary.    Plaintiff
15   questioned in his motion for protective order, "What is the significance of 2001?"  (ECF
16   No. 103 at 5.)  Defendants failed to respond to this argument except to renew their position
17   that they are "entitled to investigate Plaintiff's prior history . . . ."  (ECF No. 104 at 3.)

18      The Court finds that Defendants have failed to support their extensive request for
19   ten years of records and have not shown that the burden outweighs the likely benefits.
20   Accordingly, Plaintiff's overbroad objection is **SUSTAINED in part**.  In light of the issues
21   presented, a request for medical and mental health records beginning four years prior to
22   Plaintiff's arrest is appropriate.    Without additional supporting information, a more
23   expansive request is unwarranted.  Accordingly, the Court amends Defendants' request so
24   as to seek medical, mental health, and drug and alcohol records from *November 2007* to
25   the present.

26   //
27   //

7

13cv2790 BAS (JLB)

**B. Privacy in Medical, Drug and Alcohol Records**

Plaintiff argues that the requested records are private and that his "privacy must be protected . . . ." (ECF No. 103 at 6.) Defendants argue that Plaintiff has put his physical health at issue such that he has no expectation of privacy. (ECF No. 104 at 2-3.)

Privacy rights in medical records are neither fundamental nor absolute. *Lambert v. Robles*, 2009 WL 1505161, at *2 (S.D. Cal. May 28, 2009); *see also Soto v. City of Concord*, 162 F.R.D. 603, 618-19 (N.D. Cal. 1995). When a plaintiff places his medical conditions at issue, his expectation of privacy regarding those conditions is diminished. *Urbina v. Carson*, 2007 U.S. Dist. LEXIS 74890, *39-*40 (E.D. Cal. 2007). When determining whether to order a production of records, a court must balance the requesting party's interest in reviewing the records against the patient's right to maintain the medical records as private. *Soto*, 162 F.R.D. at 619. While California recognizes a physician-patient privilege, that privilege is inapplicable in the instant case. Federal law regarding privilege applies here because Plaintiff alleges only federal civil rights claims. Fed. R. Evid. 501; *see Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1492 (9th Cir. 1989). Under federal law, there is no physician-patient privilege, and the Ninth Circuit has not recognized one. *Soto*, 162 F.R.D. at 618.

As discussed above, Plaintiff has sufficiently placed his physical health as issue. Not only has Plaintiff alleged serious physical injuries as a result of the alleged excessive force, but Plaintiff tested positive for controlled substances at the time of his arrest. Defendants' interest in obtaining relevant discovery outweighs Plaintiff's privacy concern. Accordingly, Plaintiff's privacy objection is **OVERRULED**.

**C. Psychotherapist-Patient Privilege and Mental Health Records**

Finally, Plaintiff argues that his mental health records are protected by the psychotherapist-patient privilege. (ECF No. 103 at 6.) Defendants argue that, "Plaintiff clearly intends to present evidence and rely on treating physicians and experts to support

his claims for mental health issues and injuries and has therefore waived the psychotherapist-patient privilege." (ECF No. 104 at 3.)

As Plaintiff correctly points out, the Supreme Court has held "that confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). Defendants acknowledge that this federal privilege exists but maintain that Plaintiff has waived the privilege by putting his emotional and mental health at issue. Thus, the question before the Court is whether, under the specific circumstances of this case, Plaintiff has waived the psychotherapist-patient privilege.

"Following *Jaffee*, the Supreme Court intended for the lower courts to establish the parameters of the psychotherapist-patient privilege and the situations in which a party will be found to have waived the privilege." *Campbell v. Logue*, 2012 WL 1666762, at *2 (S.D. Cal. May 11, 2012). The Supreme Court stated that "it is neither necessary nor feasible to delineate [the privilege's] full contours in a way that would 'govern all conceivable future questions in this area.'" *Jaffee*, 518 U.S. at 18 (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 386 (1981)). Since *Jaffee*, courts have taken two primary approaches to waiver, with some courts opting for a broad approach and others opting for a narrow approach. *Campbell*, 2012 WL 1666762 at *2. Courts in this District follow the broad approach. *Id.*; *see also Doe v. City of Chula Vista*, 196 F.R.D. 562, 568 (S.D. Cal. 1999).

In *Doe*, the Court followed the broad view of waiver. *Doe*, 196 F.R.D. at 568. In so doing, the Court "conclud[ed] that a plaintiff who seeks to recover for emotional distress damages is relying on [his] emotional condition as an element of [his] claim." *Id*. The Court recognized that the psychotherapist-patient privilege generally allows a plaintiff "to keep confidential all of [his] conversations with [his] therapist," but, in this case, the plaintiff had "waived that privilege by seeking compensatory damages for injuries to [his] emotional health." *Id*. at 569. The Court further recognized "that the plaintiff has the

1   choice to keep his communications with his therapist private by controlling the particular
2   relief sought in the litigation." *Id.*

3         In the instant action, Plaintiff alleges specific and severe psychiatric injuries and
4   disorders, rather than garden variety emotional distress.  Plaintiff suffers from "emotional
5   distress, mental anguish, severe depression, anxiety, [and] post-traumatic stress disorder."
6   (ECF No. 1 at 5.)   In addition, Plaintiff seeks damages for emotional distress, medical
7   expenses and also requests "extensive psych (sic) therapy and medications."  (ECF No. 1
8   at 19.)   Finally, Defendants represent that Plaintiff intends to offer expert testimony
9   regarding his mental health and psychiatric injuries.  (ECF No. 104 at 2-3.)  In light of the
10  claims made and the damages sought, the Court finds that Plaintiff has waived the
11  psychotherapist-patient privilege.     Accordingly, Plaintiff's privilege objection is
12  **OVERRULED**.

13  **D. Possession, Custody, or Control**

14        Plaintiff does not argue that he lacks control over the requested records.  However,
15  in their motion to compel, Defendants acknowledge that some courts have declined to
16  compel a party to sign a medical record release "based on the rationale that a defendant can
17  obtain the records directly from the medical records custodian by way of a subpoena . . . ."
18  (ECF No. 98 at 5.)  Defendants argue that this rationale is not applicable to the instant case
19  because "medical providers will not honor a subpoena for psychiatric records and drug and
20  alcohol records and [instead,] demand Plaintiff's written authorization . . . ." (*Id.*)

21        Under Federal Rule of Civil Procedure 34, documents sought in discovery motions
22  must be within the "possession, custody or control" of the party upon whom the request is
23  served.  Fed. R. Civ. P. 34(a)(1).  *See also Soto*, 162 F.R.D. at 619.  Actual possession of
24  the requested documents is not required.  *Soto, 162 F.R.D. at 619*.  "A party may be
25  required to produce a document that is in the possession of a nonparty entity if the party
26  has the legal right to obtain the document." *Bryant v. Armstrong*, 285 F.R.D. 596 (S.D.
27  Cal. 2012).

In light of the facts of this case, and having determined that Defendants are entitled to the discovery sought,[4] the Court finds that an order compelling Plaintiff to sign the requested releases is appropriate.

## VI. CONCLUSION

For the reasons set forth above, Defendants' motion to compel is **GRANTED in part** and **DENIED in part**. Plaintiff's motion for protective order is **GRANTED** as to records predating November 2007. Plaintiff's motion is otherwise **DENIED**. Plaintiff is **ORDERED** to execute and provide Defendants with the *amended* releases on or before **July 31, 2015**.

The Court is mindful of Plaintiff's confidentiality concerns and finds that a protective order will serve the interests of both parties in facilitating discovery and yet protecting the privacy of the parties involved. Therefore, the Court orders the parties to enter into a protective order governing the documents that the Court has ordered to be disclosed. Defendants shall submit a proposed protective order to Plaintiff for his signature no later than **July 24, 2015**. After execution by all parties, the proposed protective order shall be submitted to the Court no later than **August 7, 2015**.

**IT IS SO ORDERED.**


Dated:  July 17, 2015

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[4] As narrowed by the Court.

11

13cv2790 BAS (JLB)