UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHA BUCK LARSON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>RONALD BAILIFF et al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  13cv2790 BAS (JLB)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR COURT-APPOINTED EXPERTS**<br><br>**[ECF No. 132]** |

Presently before the Court is Plaintiff's *ex parte* Motion for Court-Appointed Experts. (ECF No. 132.) For the reasons set forth below, Plaintiff's Motion is **DENIED without prejudice**.

**I. INTRODUCTION**

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint was filed on November 22, 2013. (ECF No. 1.) The Complaint alleges that Defendants – San Diego police officers – violated his civil rights when he was arrested on November 19, 2011, in San Diego, CA. (*Id*. at 3-25.) Plaintiff alleges that Defendants Ruiz, Cummings, Widner, and Curran used excessive force during his arrest, tortured him by using excessive force, and conspired with each other to fabricate police reports and prevent officers from writing police reports to cover up their use of excessive force and torture. (*Id*.) The Complaint further alleges that Defendant Bailiff tacitly authorized or was indifferent to the officers' use of excessive force

and torture. (*Id*. at 18.) On August 25, 2015, Plaintiff filed the instant Motion. (ECF No. 132.)

## II. LEGAL STANDARD

The Court has discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rule of Evidence. In relevant part, Rule 706 states that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed . . . ." Fed. R. Evid. 706(a); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Court appointment of an expert may be appropriate if evidence to be presented at trial is complex. *See Levi v. Director of Corrections*, 2006 WL 845733, at *1 (E.D. Cal. March 31, 2006) (citing *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997). Pursuant to Rule 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . . ." Fed. R. Evid. 702. Rule 706 does not contemplate court appointment . . . of an expert witness as an advocate for Plaintiff. *Faletogo v. Moya*, 2013 WL 524037, *2 (S.D. Cal. 2013).

The court also has the discretion to apportion costs, including the apportionment of costs to one side. Fed. R. Evid. 706; *see also Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002). However, where the cost would likely be apportioned to the government, the court should exercise caution. *Brooks v. Tate*, 2013 WL 4049043, at *1 (E.D. Cal. Aug. 7, 2013). Rule 706 is not a means to avoid the *in forma pauperis* statute. 28 U.S.C § 1915. "The in forma pauperis statute does not authorize the court to waive witness fees or expenses paid to those witnesses." *Manriquez v. Huchins*, 2012 WL 5880431, at *12 (E.D. Cal. 2012) (citing *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir.1993)).

//
//

## III. DISCUSSION AND ORDER

Here, Plaintiff seeks a court order appointing experts under Rule 706 of the Federal Rules of Evidence "to testify/depose respective experts' opinions relevant to Plaintiff's serious physical/mental injuries . . . ." (ECF No. 132 at 2.) Plaintiff seeks court-appointed "experts to present evidence of the quality of [his] serious physical/psych (sic) injuries" and because Plaintiff cannot afford to retain experts on his own. (*Id.* at 4.)

Essentially, Plaintiff seeks the assistance of expert witnesses to testify on his behalf. However, Rule 706 does not contemplate court appointment of an expert witness to advocate for a particular party at trial. *See, e.g., Manriquez v. Huchins*, 2012 WL 5880431, *14 (E.D. Cal. 2012); *Brooks v. Tate*, 2013 WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (avoiding bias or otherwise assisting one party is not the purpose of Rule 706); *Gorrell v. Sneath*, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013) (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party).

While the Court is cognizant of the challenges an *in forma pauperis* litigant, such as Plaintiff, faces in retaining an expert witness, the *in forma pauperis* statute does not grant the Court the authority to appoint expert witnesses on behalf of a party. 28 U.S.C § 1915; *see also Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995).

Plaintiff's Motion focuses primarily on his need to establish and describe the physical and mental injuries he suffered as a result of Defendants' alleged use of excessive force. (ECF No. 132 at 3-5.) However, Plaintiff fails to explain why expert testimony from medical personnel is necessary to convey this information to the trier of fact. Plaintiff has first-hand knowledge of his injuries, is well-situated to testify to the extent of his injuries, and can further support his testimony with documentary evidence set forth in his medical records.[1]

---

[1] Authenticating medical records does not require expert witness testimony. *See, e.g.*, Fed. R. Evid. 803(6)(D) and 902(11).

Finally, the Court finds that Plaintiff's excessive force claims are not so complex as to require the testimony of expert witnesses to assist the trier of fact. Claims of excessive force are analyzed under the Fourth Amendment prohibition against unreasonable seizures. *See Graham v. Connor*, 490 U.S. 386, 394 (1989) ("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment . . . ."); *White v. Pierce County*, 797 F.2d 812, 816 (9th Cir. 1986). To state an excessive force claim, a plaintiff must allege facts showing that the officer's conduct was "objectively unreasonable in light of the facts and circumstances confronting them." *Graham*, 490 U.S. at 397. In determining whether an officer's conduct is objectively unreasonable, the Court must "balance the gravity of the intrusion on the individual against the government's need for that intrusion to determine whether it was constitutionally reasonable." *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003). To determine the unreasonableness of a seizure, requires a careful consideration of the facts and circumstances that confronted the arresting officer. *Id*.

These areas of inquiry are well within the purview of the trier of fact; no scientific, technical, or specialized knowledge is necessary for the trier of fact to understand the evidence or determine a fact at issue. Thus, the Court finds that a court-appointed independent expert witness is not necessary at this time.[2] Accordingly, Plaintiff's request is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated: September 21, 2015

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[2] The court may still appoint an expert witness if trial issues of sufficient complexity arise at a later stage of the litigation. *See Carroll v. Yates*, 2012 WL 1868036, at *1 (E.D. Cal. May 22, 2012) (denying motion for court-appointed expert as premature).