UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHA BUCK LARSON, <br><br> Plaintiff, <br><br> v. <br><br> RONALD BAILIFF et al., <br><br> Defendants. | Case No.:  13cv2790 BAS (JLB) <br><br> **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER** <br><br> **[ECF No. 166]** |

Presently before the Court is Plaintiff's Motion to Amend Scheduling Order.  (ECF No. 166.)   Plaintiff requests that the Court extend the deadline to lodge settlement statements to March 4, 2016.  (*Id.* at 7.)  For good cause shown, the Motion to Amend Scheduling Order is **GRANTED in part** and the Court's June 16, 2015 Scheduling Order (ECF No. 105) is amended as follows:

1.      The Mandatory Settlement Conference is continued to Tuesday, **March 1, 2016**, at **1:30 PM** in Courtroom 1F of the Edward J. Schwartz U.S. Courthouse, 221 West Broadway, San Diego, California 92101.  Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers no later than **February 18, 2016**.  All parties are ordered to read and fully comply with the Chambers Rules of Magistrate Judge Jill L. Burkhardt.

The **confidential** settlement statements should be lodged by e-mail to efile_Burkhardt@casd.uscourts.gov.   If a party does not have access to e-mail, the

settlement statement shall be mailed to Magistrate Judge Jill L. Burkhardt, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Suite 5140, San Diego, California 92101. Each party's settlement statement shall concisely set forth the following: (1) the party's statement of the case; (2) the controlling legal issues; (3) issues of liability and damages; (4) the party's settlement position, including the last offer or demand made by that party; (5) a separate statement of the offer or demand the party is prepared to make at the settlement conference; and (6) a list of all attorney and non-attorney attendees for the Conference, including person(s) and their title(s) or position(s) with the party who will attend and have settlement authority at the conference.   Settlement statements shall not exceed five pages in length.  If exhibits are attached and the total submission amounts to more than 20 pages, a hard copy must also be delivered directly to Magistrate Judge Burkhardt's chambers. **Settlement conference statements shall not be filed with the Clerk of the Court.   Settlement conference statements may be exchanged confidentially with opposing counsel within the parties' discretion.**

Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference.  In the case of a corporate entity, an authorized representative of the corporation who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers).  The purpose of this requirement

---

[1]    "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference.  *Id.* at 486.  A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

is to have representatives present who can settle the case during the course of the conference without consulting a superior.

Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.  **All parties are ordered to read and to comply fully with the settlement conference procedures set forth in Judge Burkhardt's Civil Chambers Rules.**

2.      All motions, other than motions to amend or join parties, or motions *in limine*, shall be <u>filed</u> on or before **<u>March 24, 2016</u>**.  Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion.  **<u>Be advised that the period of time between the date you request a motion date and the hearing date may be up to sixty (60) days.  Please plan accordingly</u>**.  Failure of counsel to timely request a motion date may result in the motion not being heard.

Any *Daubert* motions shall be filed along with motions for summary judgment unless no motions for summary judgment will be filed, in which case the parties may file *Daubert* motions along with motions *in limine*.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without such leave or court.

3.      Pursuant to Local Rule 7.1.f.3.c, **if an opposing party fails to file opposing papers in the time and manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court**.  Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1.e.2 or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1.f.3.c.

4.      The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **<u>July 1, 2016</u>**.  **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions**

**provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

5.     In jury trial cases before the Honorable Cynthia Bashant, neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1.f.2.

6.     Counsel and any *pro se* parties shall confer and take the action required by Local Rule 16.1.f.4.a on or before **July 8, 2016**.  At this meeting, they shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Further, parties or their counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Parties or counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rules of Civil Procedure 26(a)(3).  Parties or their counsel shall cooperate in the preparation of the proposed pretrial conference order.

7.     Counsel for defendants will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  On or before **July 15, 2016**, defense counsel must provide plaintiff with the proposed pretrial order for review and approval.  Plaintiff must communicate promptly with defense counsel concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

8.     Written objections, if any, to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures shall be filed and served on or before **July 15, 2016**.  **Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or waste of time) of the Federal Rules of Evidence.**

9.     The proposed pretrial order shall be lodged with the district judge's chambers on or before **July 22, 2016** and shall be in the form prescribed in Local Rule 16.1.f.6.c.

///

4

10.    The final pretrial conference is scheduled on the calendar of the Honorable Cynthia Bashant for Monday, **August 8, 2016**, at **11:00 a.m.**

11.    All motions *in limine* are due no later than **August 22, 2016**.

12.    All responses to the motions *in limine* are due no later than **September 5, 2016**.

13.    The parties shall submit the following no later than **September 5, 2016**: (1) joint proposed jury instructions; (2) proposed verdict form; (3) voir dire questions; and (4) statement of the case.

14.    The parties shall exchange final exhibit and witness lists no later than **October 12, 2016**.

15.    A hearing for the motions *in limine* is scheduled for Monday, **October 17, 2016**, at **10:30 A.M.**

16.    The trial in this matter shall commence on Tuesday, **October 25, 2016**, at **9:00 A.M.**

17.    The dates and times set forth herein will not be modified except for good cause shown.

18.    Defendants' counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  January 25, 2016

*Jill Burkhardt*

Hon. Jill L. Burkhardt
United States Magistrate Judge

5